UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61251-RAR

**BRUCE K. FLORENCE III,**

    Plaintiff,

v.

**ALLEN J. WEBSTER,** *et al.*,

    Defendants.
_____/

## ORDER TO AMEND

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on June 28, 2023. *See* Compl., [ECF No. 1]. Plaintiff also filed a Motion to Proceed as Self Counsel, [ECF No. 3], and Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915 ("IFP Application"), [ECF No. 4]. Upon screening the Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint is a shotgun pleading, Plaintiff's claims are potentially frivolous, and the Court may lack subject matter jurisdiction over this action. Accordingly, Plaintiff must file an amended complaint.

## LEGAL STANDARD

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2); *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike." (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999))). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. *Id.* "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Further, while Plaintiff is proceeding *pro se*, he must nevertheless comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.*, 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal after *pro se* litigant's noncompliance with court orders); *see also* Local Rule 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party that is proceeding *pro se*). The Federal Rules of Civil Procedure provide, in pertinent part, that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

When plaintiffs fail to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with local rules, its usefulness is substantially diminished. Still, *pro se* litigants should ordinarily be afforded an opportunity to amend. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000)

(noting that where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, the movant is entitled to an opportunity to amend).

If an amended complaint is filed, the Court will only consider claims raised in the amended complaint. Moreover, the Court does not act as a researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011) (explaining courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). Put simply, this Court does not serve as a litigant's attorney, and any amendment subsumes previous allegations. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). And failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified).

The liberal construction afforded to *pro se* litigants also does not allow them to file impermissible "shotgun" pleadings. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted). "The most common" shotgun pleading is one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. "The next most common type . . . is a complaint that [is] . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. "The third type of shotgun pleading is one that . . . [does] not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. Lastly,

"there is the relatively rare [shotgun pleading] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Stated bluntly, shotgun pleadings are "a massive waste of judicial and private resources." *Id.* (cleaned up). Thus, the Eleventh Circuit has made clear that shotgun pleadings are an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295–96 (11th Cir. 2002).

## ANALYSIS

With the foregoing legal principles in mind, the Court looks to Plaintiff's Complaint. Plaintiff alleges he is a "skilled [r]oof mechanic" and that he has "worked with" Defendants over the course of about seventeen years. Compl. at 3. He claims that he is now "extremely [h]andicap [sic]" and can therefore "no longer work to support" himself, his mother, and his two children. *Id.* Plaintiff further alleges he has "no retirement or means of supporting [his] family" and would "like to be comprehensated [sic] for all of [his] hard work as well as the few times [he] was not paid." *Id.* Finally, he alleges that he was exposed to "hazardous chemicals" while working for Defendants, which has caused him to become "permanently [h]andicap." *Id.* at 4. Plaintiff purports to assert a § 1983 claim against Defendants, who appear to be the owners of two private

roofing companies. As to his requested relief, Plaintiff "would like a labor placed on several properties until [he is] paid a total amount of $200,000." *Id.*

These allegations both fail to put Defendants on notice of the claims against them and fail to invoke the Court's jurisdiction. To begin, Plaintiff does not include any allegation that establishes Defendants were acting under color of state law—a requirement to bringing a § 1983 claim. *See* 42 U.S.C. § 1983. A private individual can only be held liable under § 1983 when the individual's actions can "properly [be] attributed to the state." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). To meet this requirement, the plaintiff must establish that a defendant "acted together with or . . . obtained significant aid from state officials" or that the defendant's conduct "is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). But there are no allegations in the Complaint from which the Court can glean that this would be such a circumstance. The only reference to any government entity is the fact that one of the eight properties Plaintiff worked on for Defendants appears to be a government building. Compl. at 6. Additionally, Plaintiff also fails to identify any specific "rights, privileges, or immunities secured by the Constitution and laws" he was deprived of—also a requirement under § 1983. *See* 42 U.S.C. § 1983. Therefore, Plaintiff's § 1983 claim seems "without arguable merit either in law or fact." *Napier*, 314 F.3d at 531 (quoting *Bilal*, 251 F.3d at 1349).

But courts are required to look past labels and focus on the "content and substance of the allegations" when reviewing *pro se* complaints. *See Torres*, 734 F. App'x at 691. Doing so, however, raises further concerns—some of which relate to this Court's jurisdiction. For example, Plaintiff appears to allege he was not paid for certain work he performed as a "private contractor." *See, e.g.*, Compl. at 4. However, it is unclear whether Plaintiff is attempting to invoke a federal

cause of action—such as one arising under the Fair Labor Standards Act—or is asserting a state claim.[1]  This is significant because it is wholly unclear from the Complaint whether diversity jurisdiction exists over this case.  Plaintiff provides what appears to be a Florida address for himself and does not allege the citizenships of Defendants.  *See* Compl. at 1.  Without more, then, the Court cannot assess whether the Court has jurisdiction over any state law claims Plaintiff might be asserting.

Finally, as the above analysis demonstrates, the Complaint is a shotgun pleading because it "fail[s] to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" because it is "replete with conclusory [and] vague" facts like those reiterated above—indeed, it is not even clear to the Court what claims Plaintiff is attempting to assert in this action.  *Weiland*, 792 F.3d at 1321–23.  To the extent Plaintiff is attempting to assert any of the potential claims identified above—*e.g.*, breach of contract, FLSA claims, etc.—the Complaint also fails to "separat[e] into a different count each cause of action or claim for relief."  *Id.* at 1322–23.  This is not an exhaustive list of the deficiencies observed in the Complaint.  Consequently, it is clear that Plaintiff must file an amended complaint.[2]

## CONCLUSION

Plaintiff may have ***one opportunity*** to rectify his Complaint.  Plaintiff is instructed to follow the directives and applicable rules articulated in this Order if Plaintiff still wishes to pursue this action.  Thus, it is

---

[1] Further compounding the confusion is that page four of Plaintiff's IFP Application appears to be an earlier—or different—draft of his Complaint, where he more directly states he was "*employed*" with Defendants.  IFP Appl. at 4 (emphasis added).

[2] The Court also notes it is unclear when exactly Plaintiff worked for Defendants, because the mailing envelope attached to his Complaint indicates it was mailed from a "Broward County Jail Facility," but Plaintiff does not reference his incarceration in his Complaint and appears to allege he still works with Defendants.  Compl. at 5, 8.

**ORDERED AND ADJUDGED** as follows:

1. Consistent with the purpose of FED. R. CIV. P. 8, Plaintiff is granted leave to file an amended complaint.

2. On or before **July 14, 2023**, the amended complaint must be docketed and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3. The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above so that it will be filed in this case.

4. The amended complaint must contain a separate paragraph as to each Defendant explaining what that particular Defendant did and the supporting facts to show why that person is being sued.

5. Plaintiff is warned that failure to file the amended complaint on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

6. Plaintiff is reminded that the amended complaint should, at the very least, cure the deficiencies identified within this Order to state a claim for relief.

7. The Clerk's Office is **INSTRUCTED** to administratively close this case. Plaintiff is, in addition, warned that failure to file his amended complaint on time and in compliance with this Order shall result in this case remaining closed.

**DONE AND ORDERED** in Miami, Florida, this 30th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**